1  MICHAEL B. BROWN, Bar No. 179222
   michael.brown@stoel.com
2  THOMAS A. WOODS, Bar No. 210050
   thomas.woods@stoel.com
3  BENJAMIN J. CODOG III, Bar No. 307034
   benjamin.codog@stoel.com
4  MICHELLE J. ROSALES, Bar No. 343519
   michelle.rosales@stoel.com
5  STOEL RIVES LLP
   500 Capitol Mall, Suite 1600
6  Sacramento, CA  95814
   Telephone:  916.447.0700
7  Facsimile:  916.447.4781

8  *Attorneys for Plaintiff*
   BRIGHTHOUSE LIFE INSURANCE COMPANY,
9  a Delaware corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MANNING AVENUE PISTACHIOS, LLC, a California limited liability company; DONALD E. SCHRAMM AND NADA L. SCHRAMM REVOCABLE TRUST DATED 12/2/2010; THE THOMSEN FAMILY TRUST DATED 11/24/2010; DANIEL L. SWEET, an individual; CAROLE A. SWEET, an individual; DONALD E. SCHRAMM, an individual; NADA L. SCHRAMM, an individual; KEITH A. THOMSEN, an individual; the testate and intestate successors of CATHERINE S. THOMSEN, and all persons claiming by, through or under such decedent; FARID ASSEMI, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF LOAN AGREEMENT; BREACH OF GUARANTY; JUDICIAL FORECLOSURE; SPECIFIC PERFORMANCE AND APPOINTMENT OF RECEIVER; INJUNCTIVE RELIEF; AND REPLEVIN**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:<br>Trial Date:     Not Set |

# COMPLAINT

Plaintiff Brighthouse Life Insurance Company, a Delaware corporation ("Plaintiff" or "Brighthouse"), hereby brings this Complaint against Manning Avenue Pistachios, LLC, a California limited liability company; Donald E. Schramm and Nada L. Schramm Revocable Trust, dated 12/2/2010; The Thomsen Family Trust, dated 11/24/2010; Daniel L. Sweet, an individual; Carole A. Sweet, an individual; Donald E. Schramm, an individual; Nada L. Schramm, an individual; Keith A. Thomsen, an individual; the testate and intestate successors of CATHERINE S. THOMSEN, and all persons claiming by, through or under such decedent; Farid Assemi, an individual; and DOES 1 through 100 (collectively "Defendants").

## THE PARTIES

1. Plaintiff is, and at all times mentioned herein was, a Delaware corporation, qualified to do business in the State of California.

2. Defendant Manning Avenue Pistachios, LLC (as successor by conversion to Manning Avenue Pistachios, a California general partnership, "Manning Avenue Pistachios") is a California limited liability company and owner of the real property collateral located in Fresno County, California.

3. Defendant DONALD E. SCHRAMM, an individual, is, on information and belief, a resident of Fresno County, California.

4. Defendant NADA L. SCHRAMM, an individual, is on information and belief, a resident of Fresno County, California.

5. Defendants DONALD E. SCHRAMM and NADA L. SCHRAMM are, on information and belief, husband and wife and the trustees of the DONALD E. SCHRAMM AND NADA L. SCHRAMM REVOCABLE TRUST, dated December 2, 2010, a family trust that is administered within Fresno County, California. Probate Code section 18004 provides that a trust is a proper party to name in this circumstance.

6. Defendant KEITH A. THOMSEN, an individual, is, on information and belief, a resident of Fresno County, California.

7. Plaintiff is informed and believes and upon such information and belief alleges that (a) CATHERINE S. THOMSEN is deceased; (b) Plaintiff does not know the names of decedent's heirs and devisees; (c) Plaintiff does not know the names or identities of any personal representative(s) of the deceased and therefore denominate(s) these defendants as "the testate and intestate successors of CATHERINE A. THOMSEN, deceased, and all persons claiming by, through or under such decedent";

8. Defendant KEITH A. THOMSEN, on information and belief, is a trustee of THE THOMSEN FAMILY TRUST, dated November 24, 2010, a family trust that is administered within Fresno County, California. Probate Code section 18004 provides that a trust is a proper party to name in this circumstance.

9. Defendant DANIEL L. SWEET, an individual, is, on information and belief, a resident of Stanislaus County, California.

10. Defendant CAROLE A. SWEET, an individual, is, on information and belief, a resident of Stanislaus County, California.

11. Defendant FARID ASSEMI is, on information and belief, a resident of Fresno County, California.

12. FARID ASSEMI is referred to herein as the "Guarantor Defendant."

13. Plaintiff is ignorant of the true names and capacities of Defendants designated herein as DOES 1 through 100, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such conduct or Plaintiff's right, title, and interest in the real and personal property collateral described herein is superior to any such Defendant's right, title, or interest in said property.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. section 1332 because complete diversity between Plaintiff and the named Defendants exists, and because the amount in controversy exceeds $75,000. This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. section 1367, and under the principles of pendent jurisdiction.

15. Venue is proper in this District because one or more Defendants reside in this District, and all Defendants are residents of the State of California. 28 U.S.C. section 1391(b)(l). Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because the subject of the action is situated in this District. *Id*. § 1391(b)(2).

16. Under Civil Local Rule 120, this case shall be assigned to the Fresno Division because Plaintiff's claims arose in Fresno County.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

**A.   The Loan and Loan Documents, and the Collateral Provided by Borrowers to Lender**

17. On or about December 13, 2011, Metropolitan Life Insurance Company, a New York corporation ("MetLife"), as lender, made a loan to Manning Avenue Pistachios; husband and wife Donald E. Schramm and Nada L. Schramm, individually and as trustees of the Donald E. Schramm and Nada L. Schramm Revocable Trust dated December 2, 2010; Keith A. Thomsen and Catherine S. Thomsen, individually and as trustees of the Thomsen Family Trust dated November 24, 2010; and husband and wife Daniel L. Sweet and Carole A. Sweet, individually (collectively, "Borrowers") in the original principal amount of Five Million Three Hundred Thousand and 00/100 Dollars ($5,300,000.00) ("Loan"), pursuant to that certain Loan Agreement dated as of December 13, 2011 ("**Loan Agreement**"), by and among the Borrowers and MetLife. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 1**.

18. The Loan is evidenced by that certain Promissory Note (the "**Note**") payable to the order of MetLife, in the original principal sum of Five Million Three Hundred Thousand and 00/100

Dollars ($5,300,000.00), initially bearing interest at the rate of 4.15 percent, per annum, subject to adjustment as provided therein, and, as of January 5, 2012, requiring semi-annual payments of interest and, as of January 5, 2013, requiring semi-annual payments of principal, with a Maturity Date of January 5, 2033.  A true and correct copy of the Note is attached hereto as **Exhibit 2**.

19. The Note and the Deed of Trust (defined below) and all related loan documents were assigned to Brighthouse ("Lender") pursuant to that certain General Omnibus Assignment and Assumption dated June 30, 2023 ("**Omnibus Assignment**"), whereby MetLife assigned its interest in the Loan, and certain other loans, to Lender.  Lender is the current holder of the Note.

20. The Note is secured by, *inter alia*, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated December 13, 2011, and recorded on December 23, 2011, with the Fresno County Recorder as Doc No. 2011-0171650-00 ("**Deed of Trust**"), granted by Borrowers to Leon A. Moreno, as trustee, for the benefit of MetLife, as beneficiary encumbering real property situated in the County of Fresno, State of California, and described on Exhibit "A" to the Deed of Trust, and all appurtenances, fixtures, permanent plantings, rights and benefits thereto, as described in the Deed of Trust, including without limitation all rights under the Grant of Easements and Well Sharing Agreement dated May 16, 2008 ("**Well Sharing Agreement**"), recorded May 13, 2008 in the County of Fresno, State of California as Doc No. 2008-0069195 (the "**Manning Avenue Real Property**").  The Deed of Trust was also affected by that certain Assignment of Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing recorded on August 10, 2023, with the Fresno County Recorder as Doc No. 2023-0073692 ("**Assignment of DOT**"), pursuant to which MetLife assigned its interest in and to the Deed of Trust to Lender.  The Assignment of DOT was executed in connection with the Omnibus Assignment.  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 3**. A true and correct copy of the Grant of Easements and Well Sharing Agreement is attached hereto as **Exhibit 4**.  A true and correct copy of the Assignment of DOT is attached hereto as **Exhibit 5**.

21. In connection with the Loan, Borrowers and Guarantor Defendant entered into that certain Unsecured Indemnity Agreement dated as of December 13, 2011 ("**Environmental Indemnity**"), pursuant to which Borrowers and Guarantor Defendant have agreed to indemnify

Lender from environmental claims and violations of environmental laws, are more specifically described therein. A true and correct copy of the Environmental Indemnity is attached hereto as **Exhibit 6**.

22. The Deed of Trust and the Loan Agreement further provide that the Loan is secured by "Water Rights," as that term is defined in the Deed of Trust. (**Ex. 1**, Loan Agreement, Exhibit A, § 2(c); Ex. 3, Deed of Trust, Granting Clause E, § 2.7 (defining "Water Rights").

23. In connection with the Loan, Guarantor Defendant entered into a Loan Guaranty Agreement dated as of December 13, 2011 (the "**Guaranty**"), pursuant to which Guarantor Defendant has personally guaranteed the Loan. A true and correct copy of the Guaranty is attached hereto as **Exhibit 7**.

24. The Manning Avenue Real Property is comprised of approximately 551.38 acres of irrigated agricultural land that grows irrigated agricultural products, not limited to field crops and pistachio and almond orchards and includes without limitation the rights and benefits under the Well Sharing Agreement and related fixtures, equipment, trees and other appurtenances, permanent plantings and water rights.

25. Pursuant to a December 6, 2023 Deed of Partial Reconveyance, recorded on December 12, 2023, with the Fresno County Recorder as Doc No. 2023-0113210, 38.20 acres of the premises described in the Deed of Trust were reconveyed from the lien thereof. In other words, the Manning Avenue Real Property at issue incorporates this Partial Reconveyance in its calculation of approximately 551.38 acres of irrigated agricultural land and products, not limited to field crops and pistachio and almond orchards. A true and correct copy of the Deed of Partial Reconveyance is attached hereto as **Exhibit 8**.

26. The Deed of Trust secures the Loan and encumbers the Manning Avenue Real Property and further includes as additional collateral an absolute assignment of the Borrowers' right, title, and interest in all present and future income, issues, profits, and revenues of the property and crops from the Manning Avenue Real Property and leases relating to and arising from the Manning Avenue Real Property, along with all benefits to be derived therefrom, all as more particularly described therein. (Ex. 3, Deed of Trust, Granting Clause C, § 10.5.)

27. The Deed of Trust constitutes a security agreement ("Security Agreement") with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds, and any other personal property including the description of the Property (as all those terms are defined therein), and Manning Avenue Real Property granted to Plaintiff a security interest therein, and provides that:

> **10.1 Security Agreement**. This instrument shall constitute a security agreement with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds and Minerals and any other personal property included in the description of the Property, and Trustor hereby grants to Beneficiary a security interest therein.
>
> **10.2 Security Interest**. Trustor authorizes Beneficiary to file in any relevant jurisdiction any initial financing statements (including fixture filings) and amendments thereto necessary to perfect and continue Beneficiary's security interest in the Property. Upon request by Beneficiary, Trustor shall take whatever other action is reasonably requested by Beneficiary to perfect and continue Beneficiary's security interest in the Property. Trustor hereby appoints Beneficiary as Trustor's attorney-in-fact for the purpose of executing or filing any documents necessary to perfect or continue the security interest granted therein. Trustor will reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest.

28. The Security Agreement under the Deed of Trust was further perfected by MetLife's filing of a UCC-1 Financing Statement with the California Secretary of State, December 23, 2011, Filing #117295138603 ("**UCC Filing**"). The UCC Filing was "continued" through the official filing of a UCC Financing Statement – Amendment, on December 21, 2016. The UCC Filing was assigned to Lender through the filing of a UCC Financing Statement – Amendment, filed July 18, 2023. The UCC Filing was "continued" through the official filing of a UCC Financing Statement – Amendment, on December 14, 2023. Debtor name Manning Avenue Pistachios changed to Manning Avenue Pistachios, LLC through the filing of a UCC Financing Statement – Amendment, filed August 19, 2024. The Security Agreement, as perfected by the UCC Filing grants to and perfects in Lender a security interest in and to all of Borrower's right, title, and interest in personal property not limited to: all equipment, goods, and accounts, products and proceeds, whether attached or appurtenant to the Manning Avenue Real Property; all crops (including without limitation

harvested crops, farm products, and seed and the products and proceeds thereof), along with all present and future income, rents, issues, profits, and revenues of the crops now or hereafter growing on the Manning Avenue Real Property; all rights to the use and enjoyment of water, whether or not appurtenant to the Manning Avenue Real Property, and all improvements for water delivery and storage, and easements and permits associated with the same, in addition to membership interests in Poso Creek Water Company, LLC, as further described in the UCC Filing. A true and correct copy of the UCC Filing and amendments are collectively attached hereto as **Exhibit 9**.

29. The Loan Agreement, Note, Deed of Trust, Environmental Indemnity, Guaranty and UCC Filing, all as assigned to Lender under the Omnibus Assignment, are collectively referred to as the Loan Documents.

30. Lender has provided all notices to enforce its right, title, and interest in all collateral under the Security Agreement and has a priority security interest therein.

**B.    Borrowers' and Guarantor Defendant's Default and Related Lawsuits Involving Unpaid Loans by the Guarantor Defendant and Their Affiliated Farming Operations**

31. On September 4, 2024, the investment manager for Lender provided to Borrowers and Guarantor Defendant a Notice of Default and Demand for Payment for the approximate total due of $178,828.15. Borrowers and Guarantor Defendant were further informed that if payment was not received by September 10, 2024, Lender would initiate a demand and acceleration of the Loan. A true and correct copy of this notice is attached hereto as **Exhibit 10**.

32. The past due amount was not paid by September 10, 2024, and on September 18, 2024, the investment manager for Lender sent to Borrowers and Guarantor Defendant a Notice of Default and Acceleration of Debt. A true and correct copy of this notice of acceleration of debt is attached hereto as **Exhibit 11**.

33. The Guarantor Defendant, through the affiliated companies he owns, has substantial farm holdings including thousands of acres of pistachio and almond orchards that he has been farming for decades. The Guarantor Defendant and his farming entities have experienced extreme financial difficulties and the inability to repay their loans from MetLife and its affiliated companies

in an aggregate amount of over $48,600,000 from no less than nine defaulted loan agreements, which has resulted in the filing of this action and other judicial foreclosure proceedings in this Court.

34. The Guarantor Defendant and his affiliated companies' financial distress and defaults to his lenders is also not limited to Lender. The following cases filed in the Court involve the Guarantor Defendant and include claims alleging over $770 million in defaulted loan obligations and are possibly related to the instant action pursuant to Local Rule 123:

- The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al. ("Prudential Matter"), Case No. 1:24-cv-01102-KES-SAB, filed September 16, 2024; and

- U.S. Bank Nation Association v. Touchstone Pistachio Company, LLC, et al., Case No. 1:24-cv-01105-JLT-SKO, filed September 17, 2024.[1]

## FIRST CAUSE OF ACTION

**(Breach of Loan Agreement Against Borrowers)**

35. Plaintiff incorporates and re-alleges paragraphs 1 through 34 above as if fully set forth herein.

36. The Loan Agreement constitutes a binding agreement between Plaintiff and Borrowers.

37. Plaintiff has fully performed the Loan Agreement and to the extent Plaintiff has failed to comply with any material provision therein, it was excused from doing so by Borrowers' breach of the Loan Agreement by, among other things, failing to make payments when due under that agreement.

38. Borrowers' breaches and default of the Loan Agreement's terms are not limited to those expressed in the Deed of Trust § 12, requiring payment of interest and principal when due, which resulted in harm to Plaintiff.

---

[1] On September 23, 2024, the Hon. Kirk E. Sherriff in the Prudential Matter found that the two cases were related. Dkt. 37.

39. Borrowers' breaches and default under the Loan Agreement have caused Plaintiff to incur damages in excess of $2,986,597.22, with further amounts, fees, costs, and interest accruing *per diem*.

40. Plaintiff is entitled to judgment against Borrowers for amounts owed through the date of judgment, including (i) unpaid principal; (ii) unpaid accrued interest; (iii) late charges; (iv) fees, costs, and other charges (including legal fees and costs) to which Plaintiff is entitled under the governing documents through the date of judgment; and (v) post-judgment interest at the rate provided by law.

## SECOND CAUSE OF ACTION

**(Breach of Guaranty – Against Guarantor Defendant)**

41. Plaintiff incorporates and re-alleges paragraphs 1 through 40 above as if fully set forth herein.

42. The Guaranty constitutes a binding agreement between Plaintiff and the Guarantor Defendant.

43. Plaintiff has fully performed under the Guaranty, and to the extent Plaintiff has failed to comply with any material provision therein, it was excused from doing so by the Guarantor Defendant.

44. As a condition to granting the Loan under the Loan Agreement, Plaintiff required the Guarantor Defendant to personally guarantee the Loan.

45. Pursuant to the Guaranty, the Guarantor Defendant unconditionally and irrevocably guarantees and promises to pay the Loan pursuant to the terms of the Loan Documents.

46. Plaintiff was harmed by the Guarantor Defendant's failure to make payments when due and despite service upon him of notices of default.

47. Guarantor Defendant's breaches and default under the Guaranty has caused Lender to incur damages in excess of $2,986,597.22, with further amounts, fees, costs, and interest accruing *per diem*.

48. Plaintiff is entitled to judgment against the Guarantor Defendant, jointly and severally, for amounts owed under the Guaranty through the date of judgment, plus interest thereon and Plaintiff's expenses, attorneys' fees, and collection costs.

### THIRD CAUSE OF ACTION

**(Judicial Foreclosure Under Security Agreement – Against Borrowers)**

49. Plaintiff incorporates and re-alleges paragraphs 1 through 48 above as if fully set forth herein.

50. The Security Agreement in the Deed of Trust constitutes a binding agreement between Plaintiff and Borrowers.

51. Under the Security Agreement, Borrowers granted Plaintiff a security interest with respect to the defined collateral therein including Crops, Water Rights, Improvements, Intangibles, Proceeds, and Minerals, and any other personal property included in the description of the Property.

52. Where there is an "Event of Default" under the Loan Agreement, the Deed of Trust gives Plaintiff the rights and remedies of a secured party under the Uniform Commercial Code with respect to any part of the Property, as that term is defined therein, which constitutes personalty, and Plaintiff shall have the rights and remedies of a secured party under the Uniform Commercial Code and as well as the option of proceeding as to the Real Property and all or some of the personal property separately or together, in accordance with the unified sale procedures set forth in the Uniform Commercial Code as adopted in California. (Ex. 3, Deed of Trust, § 13.1(e).)

53. Due to Borrowers' default under the Note, Deed of Trust and Loan Agreement, Plaintiff is entitled to foreclosure of its lien under the Security Agreement and the possession and sale of the collateral secured thereunder.

### FOURTH CAUSE OF ACTION

**(Judicial Foreclosure Under Deed of Trust – Against Borrowers)**

54. Plaintiff incorporates and re-alleges paragraphs 1 through 53 above as if fully set forth herein.

55. To secure payment of its obligations under the Note and the Loan Agreement, Borrowers made, executed, and delivered to Plaintiff, as beneficiary, the Deed of Trust. (See Ex. 3, Deed of Trust at 1-3.)

56. Under the Deed of Trust, where there has been an "Event of Default" under the Deed of Trust and other Loan Documents, Plaintiff may declare at its option "the entire Indebtedness" (which is defined in the Deed of Trust as the outstanding principal amount of the Note, together with accrued interest thereon and all other amounts payable under the Note, Deed of Trust and the Loan Agreement, any amounts advance by Lender to preserve the Manning Avenue Real Property or to discharge the obligations of Borrowers under the Loan Documents and any expenses of Lender in connection therewith) immediately due and payable." (Ex. 3, Deed of Trust, § 13.1(a).)  The Lender accelerated the Indebtedness under the terms of the aforementioned Notice of Default and Acceleration of debt.

57. In the event of any Event of Default under the Loan Documents, Plaintiff may exercise any one of the rights and remedies in the Deed of Trust including a judicial foreclosure in accordance with and to the extent allowed by applicable law. (Ex. 3, Deed of Trust, § 13.1(b).)

58. As a result of Defendants' default, Plaintiff is entitled to enforce its lien and security interest by judicial foreclosure of all of Borrowers' rights in the Manning Avenue Real Property and personal property and other collateral through a public sale thereof by the proper judicial officer.

### FIFTH CAUSE OF ACTION

**(Specific Performance and Appointment of Receiver – Against Borrowers)**

59. Plaintiff incorporates and re-alleges paragraphs 1 through 58 above as if fully set forth herein.

60. The Deed of Trust provides that Defendants shall consent to the appointment of a receiver. (Ex. 3, Deed of Trust, § 12(d).) The Deed of Trust further provides that Plaintiff is entitled to have a receiver appointed, to operate the Property pending foreclosure, to protect and preserve the Collateral, to collect the Proceeds and to enforce the assignment of leases and rents provision. Section 13.1(g) of the Deed of Trust further provides that Plaintiff is entitled to have a receiver appointed as follows:

> Beneficiary shall have the right to have a receiver appointed to take possession of any or all of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, to collect the Proceeds from the Property and apply the Proceeds, over and above cost of the receivership, against the Indebtedness. Beneficiary may apply to any court of competent jurisdiction for the appointment of a receiver or receivers for the Property and of all the earnings, revenues, rents, issues, profits and income therefrom, <u>ex parte</u>, without notice, and without regard to the sufficiency or value of any security for the obligations secured hereby or the solvency of any party bound for its payment, the expenses of which shall be secured by this Deed of Trust. The receiver may serve without bond if permitted by law. Beneficiary's right to the appointment of a receiver shall exist whether or not apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Beneficiary shall not disqualify a person from serving as a receiver.

(Ex. 3, Deed of Trust, § 13.1(g) (emphasis in original.)

61. Plaintiff has performed all of its obligations to Borrowers under the terms of the Loan Documents.

62. Plaintiff has demanded that Defendants allow Plaintiff the ability to take possession of the Manning Avenue Real Property to collect the rents, issues, and profits and to maintain, lease, protect and operate the Manning Avenue Real Property as provided in the Deed of Trust.

63. There is no adequate remedy at law to enforce the assignment of leases and rents provision in the Deed of Trust.

64. Plaintiff is entitled to specific performance of the assignment of leases and rents provision in the Deed of Trust, including without limitation, for the appointment of a receiver to collect the rents, issues and profits and to preserve the protect the collateral and Real Property.

65. The Loan Documents provide for payment to Plaintiff of all costs of collection including reasonable attorneys' fees and costs of suit. Plaintiff is, therefore, entitled to its costs, expenses, and attorneys' fees incurred in this matter.

## SIXTH CAUSE OF ACTION

### (Injunctive Relief – Against Defendants)

66. Plaintiff incorporates and re-alleges paragraphs 1 through 65 above as if fully set forth herein.

Stoel Rives LLP
Attorneys At Law
Sacramento

-13-

PLAINTIFF'S COMPLAINT

125953895.11 0053564-00654

67. To enable the receiver to properly and effectively carry out his or her specific and general duties and powers, and to prevent Plaintiff from suffering irreparable injury, Plaintiff seeks a preliminary injunction and permanent injunction enjoining Defendants and their agents, partners, property managers, employees, officers, directors, affiliates, assigned successors, representatives, and all persons acting under, in concert with, or for them, from performing any action that is contrary to the requests for relief specified in the prayer of this Complaint.

### SEVENTH CAUSE OF ACTION

### (Replevin – Against Borrowers)

68. Plaintiff incorporates and re-alleges paragraphs 1 through 67 above as if fully set forth herein.

69. The Loan Documents establish Plaintiff's entitlement to all rights and interests in Proceeds, not limited to all income, profits, rents, issues, profits, and revenues of the Real Property and Crops (as defined therein). For example, Deed of Trust, Granting Clause C and sections 13.1 and 13.2 permit Plaintiff to take, sell, foreclose, and collect on the Proceeds including but not limited to those associated with the Crops. Where there is an "Event of Default" under the Loan Documents, the Deed of Trust gives Plaintiff expansive rights over the collateral, including but not limited to the right to take possession of, manage, protect and sell the collateral. (Ex. 3, Deed of Trust, §§ 13.1, 13.2.) Borrowers are required to deliver the collateral to Plaintiff upon request. *Id*.

70. An Event of Default has occurred and has been noticed. (See Exhibits 10-11.) As a result, Plaintiff is entitled to the Proceeds and collateral described in the Loan Documents.

71. Defendants continue to possess the Proceeds and collateral described in the Loan Documents despite their non-entitlement to the same.

72. Plaintiff is entitled to a writ of attachment and/or writ of possession permitting it to collect the Proceeds, including but not limited to crops and income, profits, revenues, and accounts related thereto.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief against Defendants:

1. That the Court enter a money judgment against Defendants, and each of them, for:

      a.    all amounts owed to date and continuing to accrue and be incurred under the Loan Documents, and the Guaranty (including but not limited to all principal outstanding, interest, late charges, attorneys' fees, financial advisor fees, expenses, and advances), in an amount exceeding $2,986,597.22;

      b.    all costs of this action, including reasonable attorneys' fees;

      c.    all sums that Plaintiff has expended and hereafter expends to protect its interests under the Loan Agreement, Deed of Trust, Guaranty, Note and any other Loan Document;

      d.    pre-judgment interest; and

      e.    post-judgment interest.

2. That the Court enter judgment declaring that the rights, claims, ownership, liens, titles, and demands of Defendants are subject, subsequent, and subordinate to the Deed of Trust.

3. That the Court enter its order appointing a receiver, and that, pursuant to the order, the receiver be authorized to: take possession and control of the Manning Avenue Real Property and all personal property and collateral secured under the Deed of Trust, including Crops, Equipment, Fixtures, Water Rights and Proceeds ("Collateral"); conserve, maintain, and manage the Manning Avenue Real Property and Collateral, including entering into any appropriate lease(s) associated with the management of the Manning Avenue Real Property and Collateral; and/or retaining a third party to manage the Manning Avenue Real Property and the Collateral, collect any and all rents, sell the Manning Avenue Real Property and the Collateral following adequate notice to Defendants, and perform all other acts consistent with the terms of the order entered by the Court.

4. That the Court enter an order for specific performance of the provisions of the Deed of Trust, and the assignment referred to therein, relating to the right of Plaintiff, pending a foreclosure and/or trial on the issues herein, to take possession of and to care for and operate the Manning Avenue Real Property and Collateral, and to collect the rents, income, issues, profits, and security deposits therefrom during the pendency of this action.

5. That the Court enter its order directing Defendants and anyone in possession of the Manning Avenue Real Property and/or the Collateral to deliver possession of same to the receiver

or to Plaintiff and to perform other acts and to refrain from such conduct as deemed appropriate by the Court.

6. That the Court enter a preliminary injunction and permanent injunction enjoining Defendants and their agents, partners, property managers, employees, officers, directors, affiliates, assignees, successors, and representatives and all persons acting under, in concert with, or for them, from:

a. committing or permitting any waste on the Manning Avenue Real Property and Collateral, or suffering or committing or permitting any act on the Manning Avenue Real Property or any part thereof in violation of law, or removing or otherwise disposing of any of the Collateral, Crops, or the fixtures presently on the Manning Avenue Real Property or any part thereof;

b. directly or indirectly interfering in any manner with the discharge of the receiver's duties or the receiver's possession of and operation or management of the Manning Avenue Real Property or the Collateral; and

c. doing any act which will, or which will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the Manning Avenue Real Property, and the Collateral.

7. That, to the extent the receiver has not previously sold the Collateral securing the Loan in accordance with the order appointing the receiver, the Court order, adjudge, and decree that the liens granted pursuant to the Deed of Trust be foreclosed; that all collateral under the Deed of Trust be sold according to law by the levying officer; that the proceeds of the sale be applied in payment of the amounts due on the Loan; and that Defendants and all persons claiming under them after execution of the Deed of Trust, as lien claimants, judgment creditors, claimants under a junior deed of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, interests, or equity of redemption in the Manning Avenue Real Property and any other collateral under those instruments when the time for redemption has elapsed.

8. That the Court award Plaintiff judgment and execution against Defendants for any deficiency that may remain after applying all net proceeds of the sale of the Manning Avenue

Real Property and the Collateral (whether sold by the receiver or through foreclosure) duly applicable to satisfy the amounts found due by the Court under this demand for judgment.

9. That the Court order, adjudge, and decree that Plaintiff or any parties to this action may purchase the Manning Avenue Real Property and the Collateral at any foreclosure sale; that when the time for redemption has elapsed, the levying officer or receiver execute a deed to the purchaser of the Manning Avenue Real Property and the Collateral; and that the purchaser be given possession of the Manning Avenue Real Property and the Collateral on production of the levying officer's or receiver's deed.

10. That the Court order a writ of attachment or possession (claim and delivery) to enforce Plaintiff's right, title, or interest in any Collateral of Defendants.

11. For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Under Fed. R. Civ. Proc. 38 and Local Rule 201, Plaintiff demands a trial by jury of all issues raised by this Complaint that are triable by jury, as is its right under the Seventh Amendment to the Constitution of the United States and as a given by statue.


DATED: October 10, 2024                     STOEL RIVES LLP

                                             /s/ Thomas A. Woods
                                            MICHAEL B. BROWN, Bar No. 179222
                                            michael.brown@stoel.com
                                            THOMAS A. WOODS, Bar No. 210050
                                            thomas.woods@stoel.com
                                            BENJAMIN J. CODOG III, Bar No. 307034
                                            benjamin.codog@stoel.com
                                            MICHELLE J. ROSALES, Bar No. 343519
                                            michelle.rosales@stoel.com

                                            *Attorneys for Plaintiff,*
                                            *BRIGHTHOUSE LIFE INSURANCE*
                                            *COMPANY, a Delaware corporation*